**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Daniel Mitchell | ) | **The Honorable Judge** |
| | ) | |
| **Plaintiff,** | ) | **Magistrate Judge** |
| | ) | **The Honorable** |
| **v.** | ) | |
| | ) | |
| The Sports Corner | ) | **Case No. 18 CV** 8079 |
| **Defendant** | ) | |
| | ) | |

**<u>PLAINTIFF'S COMPLAINT</u>**

FOR INDIVIDUAL CLAIMS FOR OWED OVERTIME WAGES AND MINIMUM WAGES

NOW COMES the Plaintiff, Daniel Mitchell, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he so possess and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) the Chicago Minimum Wage Ordinance (hereinafter "CMWO") and in so doing states the following:

**<u>NATURE OF THE ACTION</u>**

1. Plaintiff, Daniel Mitchell, (Hereinafter referred to as "Mitchell" andor "Plaintiff") alleges that he was mis-classified as a "salaried" employee of the Defendants. That he, under federal, state and city wage laws, was misclassified based upon Defendant failure to maintain the proper balance of exempt and non-exempt job duties in the Primary Duties test, as Plaintiff non-exempt work duties frequently and repeatedly overwhelmed his exempt work duties.

**PLAINTIFF**

2.      Plaintiff Daniel Mitchell is a resident of Chicago, Illinois and a former employee of Defendant Sports Corner.

**JURISDICTION**

3.      The Court has jurisdiction of the federal claims under 28 U.S.C. §1331 and §1367.

4.      Defendant operates a large bar and restaurant in the Wrigleyville neighborhood of Chicago.

5.      Defendant's operations exceed sales of $500,000.00 and are believed to be in excess of 2-3 million dollars in a year.

6.      Defendant is a for-profit business.

7.      The Court has supplemental jurisdiction over the state law claims.

8.      Venue is appropriate under 28 U.S.C. §1391, because Defendant operates in the State of Illinois.

9.      Venue is also appropriate under 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to these claims occurred in this District.

**JURISDICTION BASED ON GROSS SALES**

**WHICH EXCEED $500,000**

10.     Defendant operations exceed sales of $500,000.00.

11.     Defendant sales exceed $500,000 as shown by the following:

a. Defendant operates a large bar/tavern and restaurant in Chicago Illinois directly across the street from Wrigley Field where the professional baseball team called the Chicago Cubs plays its major league games.

b. The bar consists of a large physical facility with three full floors of retail space.

c. Defendant employs 40-50 employees during the six months of the Cubs season.

d. During the "off-season" the Defendant still employs a staff of 15-20 employees at any one time.

**ADDITIONAL JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY DEFENDANT**

**DEFENDANT IS AN ENTERPRISE THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE**

12. Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

13. Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce includes but is not limited to the sale of retail items to customers and/or the general public.

14. Retail items sold to the ultimate consumer by Defendant include many beers imported from outside the United States, many beers brewed in other states, fruit juices such as orange and pineapple not produced here in Illinois, thus Defendant sells many items in the stream of commerce.

3

15. Further the products were sold by the Plaintiff to the ultimate consumer.

16. Further the retail items traveled in the stream of commerce and the ultimate consumer of the items were NOT the Defendant, the Defendant is an element of the stream, not the end.

17. Here Plaintiff actively sold the items listed above in the stream of commerce.

18. "*all* of the employer's employees are covered under [FLSA] as long as at least *some* handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce." **Jones v. E. Brooklyn Security Services Corp.,** No. 11-CV-1021, 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (quoting 29 U.S.C. § 203(s)(1)(A)).

PLAINTIFF WORK DUTIES

19. Plaintiff was employed in a dual job, working both as a Manager and as a Bartender.

20. Plaintiff's managerial job duties included properly exempt type duties such as hiring, firing and supervision, however, these proper exempt work duties were overwhelmed by his non-exempt work duties.

21. Plaintiff's bartender job duties did not include managerial duties, rather Plaintiff was strictly a bartender: taking orders, making drinks, serving food and drinks to customers.

**DEFENDANT CLASSIFIED PLAINTIFF**

**AS AN EXEMPT/SALARIED EMPLOYEE**

22. Plaintiff was classified by Defendant as a "Salary Exempt" employee.

23. This fact is supported by Plaintiff receiving the same non-tip wage amount each week regardless of the number of hours in a week Plaintiff worked.

24. Plaintiff received, each week regardless of the hours worked, $500 in wages. Plaintiff did receive additional compensation in the form of tips from his non-managerial duty of being a bartender.

25. Further, Plaintiff was told he would be paid a salary by Defendant, and his checks reflect a *gross* wage payment of $500 for each week, regardless of the number of hours worked.

26. Plaintiff worked as a Manager over 40 hours a week, every week he worked for Defendant during the Cubs season, for the last three years and Defendant was fully aware of the vast number of hours Plaintiff worked.

27. Plaintiff was classified by Defendant as a "Salary Exempt" employee and paid the same for both job duties and/or job titles.

**PLAINTIFF'S WORK HOURS AND OVERTIME HOURS**

28. Defendant failed to pay overtime wages and other benefits to Plaintiff during his employment by misclassifying him.

29. Plaintiff worked over forty hours nearly every week during the Cubs season.

30. As required by some District Court Judge's Plaintiff pleads a specific week by week overtime claim.

31. Plaintiff specifically pleads that his claims are NOT limited only to these weeks, rather Plaintiff is owed overtime for the last three years, Plaintiff pleads specific

weeks only to provide a specific overtime claim as required by some District Judges.

32.     For the week of 5/15/17 to 5/21/17 Plaintiff worked the following schedule:

|   | Date | Start time | End time | Hours worked | Primary duties |
|---|------|-----------|----------|--------------|----------------|
| a. | 5/15/17 | 500 PM | 2:30 AM | 9.5 | Bartender |
| b. | 5/16/17 | 5:00 PM | 2:30 AM | 9.5 | Manager |
| c. | 5/18/17 | 9:00 AM | 6:00 PM | 9.0 | Manager |
| d. | 5/19/17 | 10:30 AM | 7:00 PM | 8.5 | Bartender |
| e. | 5/20/17 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| f. | 5/21/17 | 5:00 PM | 1:30 Am | 8.5 | Bartender |
|   |   |   | Total hours | 42.5 |   |

33.     Thus for the week of 5/15/17 to 5/21/17 Plaintiff worked 42.5 hours and was not paid overtime wages for 2.5 hours.

34.     Another example of a week of owed overtime wages is found during the week of 4/4/16 to 4/10/16 Plaintiff worked the following schedule:

|   | Date | Start time | end time | hours worked | primary duties |
|---|------|-----------|----------|--------------|----------------|
| a. | 4/4/16 | 10:00 AM | 5:00 PM | 7.00 | Manager |
| b. | 4/4/16 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| c. | 4/6/16 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| d. | 4/7/16 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| e. | 4/8/16 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| f. | 4/9/16 | 10:00 AM | 6:30 PM | 8.5 | Bartender |
|   |   |   | Total hours | 53.5 |   |

6

35.     Thus for the week of 4/4/16 to 4/10/16 Plaintiff worked 53.5 hours and was not

paid overtime wages for 13.5 hours.


**PLAINTIFF'S "EXEMPT" JOB DUTIES ARE OVERWHELMED BY "NON-EXEMPT" JOB DUTIES THUS THE PLAINTIFF WAS MISCLASSIFIED AS SALARIED AND IS OWED OVERTIME AND MINIMUM WAGES**

36.     Plaintiff also brings claims an individual claim that he was misclassified because

Defendant failed to maintain the proper balance of exempt and non-exempt job

duties in the Primary Duties test.

37.     As discussed above, Plaintiff had two job duties for Defendant: 1) managing and

2) bartending.

38.     While working as a Manager, Plaintiff did supervise employees but as a

bartender, Plaintiff did not andor could not supervise employees.

39.     Further Plaintiff's "manager" duties were overwhelmed by Plaintiff's non-

managerial duties.

40.     This is shown via the two example weeks shown above.

41.     For the week of 5/15/17 to 5/21/17 Plaintiff worked the following schedule:

|    | Date | Start time | End time | Hours worked | Primary duties |
|----|------|------------|----------|--------------|----------------|
| a. | 5/15/17 | 500 PM | 2:30 AM | 9.5 | Bartender |
| b. | 5/16/17 | 5:00 PM | 2:30 AM | 9.5 | Manager |
| c. | 5/18/17 | 9:00 AM | 6:00 PM | 9.0 | Manager |
| d. | 5/19/17 | 10:30 AM | 7:00 PM | 8.5 | Bartender |
| e. | 5/20/17 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| f. | 5/21/17 | 5:00 PM | 1:30 Am | 8.5 | Bartender |

Total hours 42.5

42. Thus for the week above Plaintiff worked as a manager for 18.5 hours and as a bartender for 24 hours.

43. For the week above 43% of the time Plaintiff worked as manager, and 57% to the time Plaintiff did not work as a manager.

44. Another example of a week of owed overtime work is found during the week of 4/4/16 to 4/10/16 Plaintiff worked the following schedule:

|   | Date | Start time | End time | Hours worked | Primary duties |
|---|------|-----------|----------|--------------|----------------|
| a. | 4/4/16 | 10:00 AM | 5:00 PM | 7.00 | Manager |
| b. | 4/4/16 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| c. | 4/6/16 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| d. | 4/7/16 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| e. | 4/8/16 | 5:00 PM | 2:30 AM | 9.5 | Bartender |
| f. | 4/9/16 | 10:00 AM | 6:30 PM | 8.5 | Bartender |
|   |   |   | Total hours | 53.5 |   |

45. Thus for the week above Plaintiff worked as manager 7.0 hours and as bartender 46.5 hours.

46. For the week above 13% of the time Plaintiff worked as manager, and 87% to the time Plaintiff did not work as a manager.

47. To maintain the proper classification under the salary exemption regulations the Defendant must ensure that Plaintiff's exempt work was his "primary duty".

48. Here Plaintiff's "primary duty" was that of being a bartender, which is not as an exempt position. Thus Defendants lose the claim of Plaintiff being Exempt due to

failure of Defendants to maintain Plaintiff's salaried work as his "primary duty", as Plaintiff had few exempt work nor assigned work duties during his many "bartender" shifts.

49. Further, while working as a bartender, it often was physically impossible for the Plaintiff to "manage" anyone due the crowds of customers and inability of Plaintiff to see and talk to employees he was supposed to manage.

50. Further, while working as a bartender, the Defendant's business operations was so busy that Plaintiff's bartender duties did not physically permit Plaintiff to engage in managerial work.

**PLAINTIFF ILLINOIS MINIMUM WAGE CLAIMS**

51. Plaintiff brings state wage law claims, pursuant to the Illinois Minimum Wage Law (IMWL) 820 ILCS 105. The IMWL Claims are reflective of the FLSA claims as the IMWL incorporates many of the same regulations and rules of the FLSA including those for Defendant claims of salary exemption.

52. Plaintiff's IMWL Claims includes claims for all owed wages due for three (3) years prior to the filling of this complaint and until a judgment is entered in this case.

**Allegations under the CMWO**

53. Plaintiff brings claims, pursuant to the Chicago Minimum Wage Ordinance (CMWO), as an individual action.

54. The CMWO covers employers that maintain a business facility within the City of Chicago and/or are required to obtain a business license to operate in the City are

9

subject to the minimum wage ordinance, Defendants in this case are covered employers by the CMWO.

55.    The CMWO covers employees who work two hours in the City within the period of two weeks qualify for the minimum wage required by the ordinance Plaintiff and class are covered by the CMWO.

56.    Plaintiff is individually covered by the CMWO as he  was an misclassified employee who should have been and will be found non-exempt, as alleged above and herein.

57.    The CMWO allows for a private cause of action to be filed by a covered employee. See CMWO 1-24-100.

58.    The CMWO raises the hourly minimum wage in the City of Chicago to $10 in 2015, $10.50 in 2016, $11 in 2017, $12 in 2018, and $13 in 2019.

59.    The CMWO allows for treble damages for violations of the CMWO.

## COUNT I

## FAIR LABOR STANDARDS ACTION, 29 U.S.C. § 201 ET SEQ.,

## UNPAID WAGES/OVERTIME/MINIMUM WAGE/MISCLASSIFICATION

### On Behalf of Named Plaintiff Against Defendant

### (FLSA Claims, 29 U.S.C. § 201 et seq.)

60.    Plaintiff repeats and re-alleges all paragraphs of that complaint as though fully set forth herein.

61.    Plaintiff names Defendant and the individual Defendant under this count.

62.    The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.  Here Plaintiffs regularly worked more than 40 hours per week, but was not paid overtime.  Defendant failed to pay overtime wages and other benefits to Plaintiffs by not maintaining the Plaintiff exempt job duties as his primary duty(ies).

63.    Defendant's actions were willful.  Defendant deliberately paid Plaintiff an as exempt employee by failing to maintain salaried work as the "primary duty" for Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually pray for the following relief:

A.    Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and United States Department of Labor regulations;

B.    Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

F.    Consequential damages;

G.    and costs of this action; and

H.    Such other relief as this Court shall deem just and proper

### SECOND CLAIM FOR RELIEF
**Individual Claim Against Defendant**
**Under the Illinois Minimum Wage Law "IMWL"**

64.    Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

65.     Plaintiff was an employee of the Defendant pursuant to the IMWL.

66.     Plaintiff was employed by DEFENDANT as an employee.

67.     It is and was at all relevant times, a policy of Defendant to avoid paying employees at an overtime rate of pay despite Plaintiff not having sufficient exempt job duties.

68.     The Defendant unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

69.     As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

70.     Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).


## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, by his attorney, demands judgment against the Defendant and in favor of the Plaintiff for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

A.  Declare and find that the Defendants committed one or more of the following acts:

   i.  Violated overtime and/or minimum wage provisions of the IMWLby failing to pay overtime wages to Plaintiffs;

   ii  Willfully violated overtime provisions of the IMWL;

B.  Award compensatory damages, including all overtime pay and minimum wages owed, in an amount according to proof;

C.  Award of penalties under the IMWL in the amount of 2% of the underpayment for each month the underpayment continues to be unpaid.

D.  Award Plaintiff damages in the amount of overtime wages required by the IMWL improperly denied them by Defendant's actions;

E.  Award all costs and attorney's fees incurred prosecuting this claim;

F.  Give leave to amend to add claims under applicable state and federal laws;

G.  For such further relief as the Court deems just and equitable.

## THIRD CLAIM

### Chicago Minimum Wage Ordinance.

71.    Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

72.    Plaintiff was an employee of the Defendant pursuant to the CMWO, as Plaintiff worked in the City of Chicago for Defendant at least two hours in 120 days.

73.    Plaintiff was employed by DEFENDANT as an employee.

74.    It is and was at all relevant times, a policy of Defendant to avoid paying employees at an overtime rate of pay despite Plaintiff not having sufficient exempt job duties.

75.    The Defendant unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

76.    As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

77.    CMWO allows for trible damages as well as other penalties.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, by their attorney, demands judgment against the Defendant and in favor of the Plaintiff for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

 B. Declare and find that the Defendants committed one or more of the following acts:

   i. Violated overtime and/or minimum wage provisions of the CMWO by failing to pay overtime wages to Plaintiffs;

   ii Willfully violated overtime provisions of the CMWO;

 H. Award compensatory damages, including all overtime pay and minimum wages owed, in an amount according to proof;

 I. Award of penalties under the CMWO in the amount of treble damages
 J. Award Plaintiff damages in the amount of overtime wages required by the CMWO improperly denied them by Defendant's actions;

 K. Award all costs and attorney's fees incurred prosecuting this claim;

 L. Give leave to amend to add claims under applicable state and federal laws;

 M. Give leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

 N. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury as to all issues triable by jury.

Dated: December 9, 2018           Respectfully Submitted


       /s/John C. Ireland
        Attorney for the Plaintiff


John C. Ireland
The Law Office of John C. Ireland

14

636 Spruce Street
South Elgin ILL 60177
630-464-9675
Fax 630-206-0889
attorneyireland@gmail.com